## In re DANA BROS.

· (District Court, S. D. Florida. April 6, 1918.)

1. BANKRUPTCY ☜140(½)—TRUSTEES—RIGHTS OF.
   Where a bankrupt, who had purchased fixtures under a retained title contract, joined to them other fixtures, title to which was in him, the trustee, the act of the bankrupt, having been unauthorized, cannot sever the fixtures without paying the seller such sum as would actually restore his fixtures to their original condition, and the amount to be paid cannot be computed by deducting from the secondhand value of the fixtures, if restored, their original value, less the expense of restoration, for that would work an injustice to the seller.

2. ACCESSION ☜1—TITLE.
   In such case the seller did not acquire title by accession to the fixtures joined to those to which it had title.

In Bankruptcy. In the matter of the bankruptcy of Dana Bros. On petition to review an order of the referee. Petition granted, and order amended.

Whitaker, Himes & Whitaker, of Tampa, Fla., for petitioner.
McMullen & Petteway, of Tampa, Fla., for trustee.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

CALL, District Judge. This cause comes before me upon a petition to review the order of the referee entered March 13, 1918. Sufficient of the facts necessary to a decision of the questions at issue may be briefly stated as follows:

On September 9, 1916, a set of store fixtures valued at $800 was purchased by the bankrupt on a retained title contract from H. M. Wade Manufacturing Company. These fixtures were placed in a certain store known as the Oriental Store. These fixtures are referred to as fixtures No. 1. On April 1, 1917, certain other fixtures were purchased from the same party, of the value of $3,000, on a retained title contract, for a different store building. These are called the second fixtures. The testimony indicates that these respective fixtures were manufactured to fit a certain store space, and on receipt of them by the purchaser were installed in the store for which each set was intended. Later the bankrupt had the fixtures from the Oriental Store removed to the store where the second fixtures had been installed, and connected with these second fixtures, so that the two sets constituted in reality but one set. To do this it was necessary to remove panels, molding, mirrors, etc., from the second set of fixtures, change positions of parts, and substitute parts of the first set, and in some instances add new material. At or about the time of these changes and incorporation the bankrupt made the final payments on the first set of fixtures.

Subsequent to this change the bankrupt went into bankruptcy, a trustee was duly appointed, and such trustee petitioned the referee for authority to take out the first set of fixtures and sell the same, relinquishing all claim to the second set. The Wade Manufacturing Company contested the right of the trustee to do this, claiming that the bankrupt, by his unauthorized joining of the two sets of fixtures, and changes, etc., had made it impossible to separate the two sets without great damage to the second set, and by such joining had made of the two sets one set of fixtures, and, the title to the second set being admittedly in it, the title to the first set had by the law of accession vested in it. The Wade Manufacturing Company prayed for alternative relief in the event the claim above noted was not sustained. A hearing was had by the referee on the petition of the trustee, the answer to same of the Manufacturing Company, and evidence taken thereon, and on March 12, 1918, the referee made certain findings of fact from the evidence, and ordered the taking of further testimony to ascertain accurately the amount necessary to practically restore fixtures No. 2 to the same state they were prior to the changes in the same made by the bankrupt, and that, upon the ascertaining of this amount, the petition of the trustee be granted, upon his paying this amount to the Manufacturing Company. Thereupon additional testimony as to the damage done to the fixtures No. 2, and the cost of materials, labor, etc., necessary to put said fixtures in their original condition, was taken, and on March 18, 1917, the referee made his findings and order granting the petition of the trustee, upon his payment to the Manufacturing Company of the sum of $262. On March 21, 1918, the Man-

ufacturing Company filed its petition to review this last-mentioned order.

[1] The testimony on the last hearing before the referee showed, and the referee so found, that it would require $714 to put fixtures No. 2 back in the original condition as sold to the bankrupt, and in addition to this the testimony showed there would be the cost of labor and freight on the material. The method of arriving at the amount of damage seems to have been about as follows: The original value of the fixtures was $3,000; $714 necessary to place them in the original condition; therefore the present value of the fixtures is the difference between the first value of the fixtures and cost of placing them back in original condition, to wit, $2,286; that the damage, therefore, is the difference between $2,286, their present value, and the value of such fixtures when repaired, found by the referee at $2,548, as secondhand fixtures. The difficulty with this line of reasoning is that the evidence does not fix the value of the fixtures in a completed condition as secondhand. And again here was the property of the Manufacturing Company, damaged by the unauthorized act of the bankrupt, parts of it destroyed, and to be damaged by the removal of the added parts to such an extent that it would require $714 worth of material, not considering the cost of labor and freight, to put it back in its original condition. The trustee is to be allowed to make this separation, and leave the property of the Manufacturing Company in this damaged condition, on the payment of $262. The trustee stands in the shoes of the bankrupt for all purposes, except as provided in the amendment of the bankruptcy act. Certainly it would be inequitable to permit this to be done by the bankrupt, and equally so by the trustee.

[2] The Manufacturing Company contends that it has acquired title to fixtures No. 1 by accession. I have investigated this contention. Upon the facts of this case, as disclosed in the testimony, I do not think the law applicable. The trustee should have been required to pay the Manufacturing Company the amount shown by the testimony necessary to repair the damage done by the bankrupt in changing and attaching fixtures No. 1, and by the trustee in detaching same. The testimony shows the amounts necessary to do this are $714 for material, $100 for labor, and about $50 freight.

The petition to review will be granted, and the order so amended that it will require the payment by the trustee to the Manufacturing Company of these amounts before detaching fixtures No. 1 from fixtures No. 2, and that three days be allowed the trustee within which to make his election to do this, or deliver said fixtures as they now exist to the Manufacturing Company.